## Riel W. Becker v. Isaac H. Vandercook.

*Replevin—Demand.*

Demand is necessary before bringing replevin for an article which defendant has borrowed from one who did not know whose it was and did not claim ownership, but who found it on his premises, where it had been put for safety long before by another stranger to the title who found it exposed near by.

Error to Ingham.   (Gridley, J.)   April 25.—June 11.

Replevin.   Plaintiff brings error.   Affirmed.

*Chatterton & Haynes* for appellant.

*Huntington & Henderson* for appellee.

Campbell, J.   Becker brought replevin against Vandercook for an old horse-blanket; which plaintiff claims cost him six dollars, and which, when replevied, was worth about half that sum.   He recovered before a justice, but was defeated on appeal in the Ingham circuit court, and now brings error.

At the circuit, the facts showing defendant's possession were substantially that on a certain occasion, having temporary need for a blanket, he borrowed this of his son Willis who was a blacksmith, in whose shop the blanket had been left, and who did not know how it came there or to whom it belonged, and who did not himself set up any claim of ownership.   There was a conflict of testimony as to demand, and as to defendant's or his son's having any knowledge of plaintiff's claim.   According to the defendant's witnesses the blanket was found in an old buggy standing by the shop by one Nathan Mitchell, who was janitor of a school, and did odd jobs of blacksmithing.   Mitchell took it up to keep it out of the snow which was falling heavily, and threw it on a bench in the shop, and no further attention was paid to it, and it was used a few times by Willis, and lent to his father, as before mentioned, several months thereafter.

The court told the jury that no demand would be necessary if either defendant or Willis got it from any wrongful taker, and claimed it from that source. But it was charged, further, that such a taking as Mitchell described would not be wrongful, and that in such case, if both Willis and the defendant acted in good faith and in ignorance of any claim of plaintiff, a demand was necessary.

The jury must have found that the testimony on the part of the defense was true, and the case of the plaintiff not true, and that no demand was made.

We have no doubt of the correctness of this result. It would be a very unreasonable rule to hold that it was a wrong act to take in the blanket out of the storm, or wrong to use it, on the part of either Willis Vandercook or his father, in ignorance of its ownership or of how it came into the shop. There is no good reason why the plaintiff should have replevied the property without giving the defendant an opportunity to surrender it, as he undoubtedly would have done without suit. The suit, without demand, was unjust and oppressive, and the multiplication of expenses in a suit involving a very small sum of money and no equity whatever is censurable.

The judgment must be affirmed.

The other Justices concurred.